IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

Steven M. Williams,
    Plaintiff,

v.
    Case No.: 2:21-cv-00436

Bob Barker Incorporated,
'Doe' Murphy (Officer), Lieutenant David Cavendish,
and Timothy Perkins (Officer),
Sued in their Official Capacities and
Individually,
    Defendants.

**COMPLAINT PURSUANT TO 42 USC § 1983**

Comes now your Plaintiff, Steven M. Williams, pursuant to the Rules of Federal Civil Procedure governing 42 U.S.C. § 1983.

1    The court has jurisdiction over Plaintiff's claims of Federal Constitutional rights under 28 U.S.C. § 1331 and 1343.

2    The court has jurisdiction over tort claims under 28 U.S.C. § 1367. Supplemental jurisdiction.

3    Venue is proper in this Southern District of West Virginia pursuant to 28 U.S.C. § 1391, giving that all said claims happen at Mount Correctional Complex and Jail, heretofore MOCCJ.

4    Bob Barker Inc. Is a resident/corporation of the State of North Carolina but is under contract with MOCCJ pursuant to 28 U.S.C. § 1333 and 1391. This court has original jurisdiction due to Bob Barker Inc. Being under contract, thereby making Bob Barker Inc. a person of this

state.

**PARTIES**

5   The Plaintiff in this matter is Steven M Williams, an inmate at the MOCCJ at Mt. Olive in West Virginia.

There are no additional Plaintiffs in this matter.

6   The Defendants in this matter are;

a. "Doe" Murphy, Correctional Officer at MOCCJ, present at all times relevant. Sued in his official and individual capacity. Officer Murphy was assigned to Stuart Hall, side One during the time of said incident;

b. Timothy Perkins, Correctional Officer at MOCCJ, Sargent rank, present at all times relevant. Sued in his official and individual capacity. Sgt Perkins was the Shift Supervisor during the time of said incident;

c. David Cavendish, Correctional Officer at MOCCJ, Lieutenant rank, present at all times relevant. Sued in his official and individual capacity. Lt Cavendish was the Shift Commander during the time of said incident; and

d. Bob Barker Inc is under contract with MOCCJ at all times relevant, provides "state issued" toothbrushes to inmates. Sued in official and individual capacity.

7   All Defendants acted under color of State law and is liable for personal injury and product liability.

**FACTS**

8   On May 26, 2020 Defendant Murphy issued Plaintiff a "state issue" toothbrush.

9   While brushing, Plaintiff noticed bristles falling out of the toothbrush and Plaintiff's mouth was bleeding heavily.

10  Plaintiff felt hard objects stuck in his gums. Plaintiff ceased brushing and spit onto some toilet paper in order to inspect the objects. Plaintiff saw pieces of what appeared to be metal mixed with blood and toothpaste.

11  Upon further inspection it was determined by Plaintiff, and verified by Officers, that it was indeed metal flakes that had come out of the toothbrush and cut Plaintiff.

12  Plaintiff rinsed out his mouth and continued to spit out pieces of metal and toothbrush bristles. At approximately 1:00 a.m. Plaintiff pressed the emergency call button.

13  Plaintiff then reported this incident to Defendant Murphy, and requested immediate Medical Attention. Defendant responded that Medical was not coming.

14  Defendant Perkins arrived shortly and came to Plaintiff's cell door. Plaintiff, for the second time, insisted that he was in need of Medical attention.

15  Defendant Perkins stated that Medical was not coming and, "wow, how did this happen? I ain't seen nothing like this in 10 years."

16  Defendant Perkins then continued to speak, "you must be having money problems huh?" At that point Plaintiff again requested Medical attention, now for a third time. Plaintiff went further as to plead for help.

17  Defendant Perkins reiterated that Medical was not coming. At which point Plaintiff stated to Defendant Murphy, "So you see I'm bleeding heavily from my mouth and I'm being denied Medical attention?"

18  Defendant Murphy only shook his head and both Defendants walked away from Plaintiff's cell. At that point Defendant Murphy inspected another toothbrush and confirmed the same defect.

19  Plaintiff then asked both Defendants for a "gold badge" since he was being denied Medical

attention. Defendant Perkins stated that he would call a "gold badge" but already knew what would be said, "rinse your mouth out with salt."

20   Defendant Cavendish arrives some time later and stated, "ooh, wow, how did this happen?" Then Defendant Cavendish inspected the metal flakes and bloody gums of Plaintiff. For a fourth time, Plaintiff requests Medical attention.

21   Defendant Cavendish stated that Medical was not coming. Plaintiff asked for Medical attention and that he didn't need to be taken to Medical, simply have a nurse look at him and determine whether or not he would be alright.

22   Defendant Cavendish stated, "I know what they're going to say. Rinse with salt and put in a sick call slip."

23   Plaintiff requested this matter to be documented and Defendant Cavendish took photographs of Plaintiff's gums, the metal flakes, and the toothbrush.

24   Defendant Cavendish gave Plaintiff a salt shaker from the Unit and told Plaintiff to rinse with salt. Plaintiff was bleeding and in pain the entire night.

25   This incident is on camera and Plaintiff requested all stationary video camera recording photos and incident reports to be preserved as evidence. All events took place on May 26, 2020.

**DENIAL OF MEDICAL CARE**

26   Defendants Murphy, Perkins, and Cavendish did deny Plaintiff of Medical care by stating that Medical is not coming, without even contacting them. Defendants were deliberately indifferent to injuries sustained by Plaintiff, violating the Eighth Amendment protections therein.

27   Defendants Murphy, Perkins, and Cavendish did act under color of State law and were well

aware of Plaintiff's serious medical need, thereby violating the Eighth Amendment protections therein.

28  Defendant Bob Barker Inc is under contract with the DOCR and is liable for personal injury and product liability as well as violations of the Fifth, Fourteenth, and Eighth Amendments, for "negligence" and "reckless endangerment" due to an unsafe product. Bob Barker knew or should have known was dangerous and would cause harm.

29  The actions of the Defendants Murphy, Perkins, and Cavendish constitute deliberate indifference to Plaintiff and the serious Medical needs, thereby violating the Eighth Amendment protections therein.

30  Bob Barker Inc, Officer Murphy, Sgt Perkins, and Lt Cavendish all said Defendants in violation of the Eighth Amendment and having personal injury and product liability constitutes a tort of personal injury and product liability under the law of West Virignia.

**RELIEF REQUESTED**

Wherefore Plaintiff requests that the court grant relief in the form of;

Declaratory judgment, compensatory judgement, nominal judgement, tort and punitive damages against all Defendants heretofore named in this complaint. Plaintiff would also ask this Honorable Court for immediate injunctive relief.

  A  issue a delaratory judgment stating that:

  1 the denial of Medical attention by Defendants Murphy, Perkins, and Cavendish violated the right of Plaintiff under the Eighth Amendment.

  2 Defendant Bob Barker Inc are guilty of negligence and reckless endangerment due to unsafe products. Defendant knew or should have known that they were sending out a product that was dangerous and caused harm.

B issue an injunction ordering Defendants Murphy, Perkins, and Cavendish to:

  1 submit an admission of facts to this incident.

C Compensatory damages in the amounts:

  $300,000 jointly and severally against Defendants Murphy, Perkins, Cavendish, and Bob Barker Inc for injury sustained from the use of defective product, denial of Medical attention, negligence, product liability from toothbrush, and officer as a result of sliced gums and pain.

D Award punitive damages as follows:

  1 $5,000 each against Defendants Murphy, Perkins, and Cavendish.

  2 $100,000 against Defendant Bob Barker Inc.

E Award nominal damages in the following:

  1 $2,000 against each Defendant, Murphy, Perkins, and Cavendish.

  2 $50,000 against Defendant Bob Barker Inc.

F Grant such other relief as this Court and a jury of his peers determines appropriate.

I, Steven Williams, the undersigned Plaintiff, declare under penalty of perjury that the foregoing in true and accurate to the best of my knowledge.

Date: 8-2-2021

Signed: _____ #3545024
Plaintiff, *pro se*
Mocc
One Mountainside Way
Mt. Olive, WV 25185

Need Copy

**CERTIFICATE OF SERVICE**

I the undersigned Petitioner, Steven M Williams, appearing *pro se* do attest that I have caused to be served a True and Exact Copy of the foregoing document, by placing same in the United States Postal Mail, First-Class, Pre-Paid on this 2 day of Aug 2021. Parties served include: Clerks Office UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA, Robert C. Byrd U.S. Courthouse 300 VIRGINIA STREET, East, Room 2400 Charleston WV 25301

1. Complaint under Filed on this date of Signature. 42 U.S.C. §1983

2. Motion to Support Counsel with Memorandum and Declaration

3. Authorization to Release Account information

4. "IFP" Application Payment of Fees and cost

5. M.O.C.C Jail/Slayton work camp Resident Statement

Signature, *pro se* #3545024
M.O.C.C
1 mountainside way
MT Olive WV 25185