IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEVEN M. WILLIAMS,

    Plaintiff,

v.                                                   Case No. 2:21-cv-00436

BOB BARKER COMPANY, INC.,[1] *et al.*,

    Defendants**.**

## ORDER AND NOTICE

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Plaintiff's Motion to Proceed In Forma Pauperis ("IFP Motion") (ECF No. 1), his Application to Proceed Without Prepayment of Fees and Costs ("Application") (ECF No. 3), and his Motion for Appointment of Counsel (ECF No. 4).

    **A.**     **IFP Motion and Application.**

The court finds that Plaintiff's Application includes statements of his assets, of his inability to prepay fees, of the nature of the action, and of his belief that he is entitled to redress. The Application demonstrates that Plaintiff does not have sufficient assets to pay the applicable filing fee in full. Pursuant to the amendments to 28 U.S.C. § 1915, and

---

[1] According to the West Virginia Secretary of State's website, the proper name of this defendant is "Bob Barker Company, Inc." The Clerk is directed to modify the docket sheet accordingly.

notwithstanding his lack of assets, it is hereby **ORDERED** that Plaintiff shall pay the full amount of the filing fee of $350.00 by payments sent to the Clerk of the Court by the prison where he is incarcerated. 28 U.S.C. § 1915(b)(1). It is further **ORDERED** that, by **October 5, 2021**, Plaintiff must pay an initial partial filing fee of **$46.93.**

Furthermore, pursuant to 28 U.S.C. § 1915(b)(2), it is hereby **ORDERED** that Plaintiff is required to make monthly payments of **20 percent** of the preceding month's income credited to his prisoner account, until he has paid the total filing fee of $350.00. 28 U.S.C. § 1915(b)(2). The correctional facility where Plaintiff is incarcerated is requested, when Plaintiff's prisoner account exceeds the sum of $10.00, to forward monthly payments to the Clerk of this Court, with each payment being a sum which equals **20 percent** of the preceding month's income credited to Plaintiff's prisoner account. 28 U.S.C. § 1915(b)(2).

It is further **ORDERED** that Plaintiff's IFP Motion (ECF No. 1) and Application (ECF No. 3) are **GRANTED**, except to the extent that Plaintiff is required to make the payments set forth above. If judgment is rendered against Plaintiff, and the judgment includes the payments of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his Application has been granted.

B.     **Service of Process.**

Because Plaintiff is proceeding *in forma pauperis*, court officers are responsible for issuing and serving process on his behalf, pursuant to 28 U.S.C. § 1915(d). The Clerk is directed to issue summonses for each of the defendants. It is hereby **ORDERED** that the summons for Bob Barker Company, Inc. shall be served by certified mail, return receipt requested, with restricted delivery, addressed to its registered agent for service of process as follows:

    Bob Barker Company, Inc.
    c/o Angela Deboeser
    134 N. Main Street
    P.O. Box 429
    Fuquay-Varina, Nc, 27526

It is further **ORDERED** that the summonses for the individual defendants (Officer Murphy, Lieutenant David Cavendish, and Officer Timothy Perkins) be addressed to each defendant at the Mount Olive Correctional Complex and Jail, their last known place of employment, which is the only address Plaintiff has provided for them. It is further **ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure, the United States Marshals Service shall attempt to personally serve each defendant with their summons and a copy of the Complaint (ECF No. 2). It is further **ORDERED** that the time period for service of process under Rule 4(m) of the Federal Rules of Civil Procedure shall run from the date of this Order and Notice.

    **C.**     **Motion for Appointment of Counsel.**

Also pending is Plaintiff's Motion for Appointment of Counsel (ECF No. 4). The appointment of counsel to represent pro se plaintiffs in civil actions is governed by 28 U.S.C. § 1915(e)(1), which states, in pertinent part: "[t]he court may request an attorney to represent any person unable to afford counsel." It is clear that the plaintiff has no constitutional right to counsel in this civil action, and appointment of counsel rests within the discretion of the court. A denial of a plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court,* 490 U.S. 296 (1989)).

To determine whether exceptional circumstances exist, the court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. *Id.* at 163. The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978). Based upon the documents filed by Plaintiff herein, the undersigned **FINDS** that there are no exceptional circumstances that would warrant the court seeking counsel to represent the plaintiff in this matter at the present time. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is **DENIED** without prejudice.

Plaintiff is hereby **NOTIFIED** that, pursuant to Local Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia, he must promptly notify the Clerk of Court and any opposing party of any changes in his contact information, including his transfer or release from his present correctional facility. The failure to do so will result in the undersigned's recommendation of dismissal of this civil action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk is directed to mail a copy of this Order to Plaintiff and to the Trustee Clerk at the Mount Olive Correctional Complex and Jail.

ENTER: September 14, 2021

Dwane L. Tinsley
United States Magistrate Judge