UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

STEVEN M. WILLIAMS,

       Plaintiff,

v.                            Civil Action No. 2:21-cv-00436

OFFICER MURPHY, LIEUTENANT
DAVID CAVENDISH, and OFFICER
TIMOTHY PERKINS, in their
official capacities and
individually, and BOB BARKER
COMPANY, INC.,

       Defendants.

MEMORANDUM OPINION AND ORDER

Pending are two motions to dismiss.  First is the motion of defendants Officer Murphy ("Murphy"), Lieutenant David Cavendish ("Cavendish"), and Officer Timothy Perkins ("Perkins") (together, the "Correctional Defendants"), filed October 8, 2021.  ECF No. 14.  Second is the motion of defendant Bob Barker Company, Inc. ("Bob Barker Co."), filed November 4, 2021.  ECF No. 22.

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order in this district. On June 2, 2022, the magistrate judge submitted his Proposed

Findings and Recommendation ("PF&R") regarding the two pending

motions to dismiss, wherein he recommends

> that the presiding District Judge grant the
> Correctional Defendants' motion to dismiss and dismiss
> the claims against Defendants Murphy, Perkins, and
> Cavendish in their entirety.  It is further
> respectfully recommended that the presiding District
> Judge grant in part [Bob Barker Co.'s] motion to
> dismiss, with respect to Plaintiff's § 1983 claims
> against it, and deny in part [Bob Barker Co.'s] motion
> to dismiss, with respect to Plaintiff's state law
> claim grounded in products liability and/or
> negligence, and leave this matter referred to the
> undersigned United States Magistrate Judge for
> additional proceedings concerning Plaintiff's state
> law claim pending amendment thereof.

PF&R 19, ECF No. 35 (citations omitted).  Plaintiff Steven M.

Williams ("Williams"), who is proceeding pro se, timely objected

to the PF&R on June 17, 2022.  See Williams Obj., ECF No. 37.

The defendants did not respond, and the matter is now ripe for

disposition.

Williams lodges only one objection to the PF&R.  He

argues that the magistrate judge erred by finding that the

Correctional Defendants in their individual capacities are

entitled to qualified immunity against his § 1983 claim.  See

id. at 1-2.  To summarize, Williams alleges that on May 26,

2020, his prison-issued toothbrush, supplied by Bob Barker Co.,

somehow shed metal flakes that stuck into and cut his gums.  See

Compl. ¶¶ 8-11, 25.  Williams asserts that the incident caused

him to bleed heavily and to suffer pain.  Id. ¶ 24; see also id.

¶ 17.   The Correctional Defendants, Williams alleges, denied him medical attention even though he requested it four times, and instead "gave [him] a salt shaker . . . and told [him] to rinse [his mouth] with salt."  See id. ¶¶ 13-24.  Williams concludes that he "was bleeding and in pain the entire night," implying that he received medical attention the next day.  Id. ¶ 24.  Relevantly, Williams claims that the Correctional Defendants in their individual capacities were deliberately indifferent to his serious medical need, thereby depriving him of his Eighth Amendment rights in violation of 42 U.S.C. § 1983.  See id. ¶¶ 26-27, 29.

The magistrate judge, however, did not recommend only that qualified immunity bars Williams' § 1983 claim.  He also found that "Plaintiff's complaint fails to state a plausible Eighth Amendment violation against any of the Correctional Defendants" in their individual capacities.  PF&R 9; see also id. at 7.  Indeed, as the magistrate judge noted, Williams' alleged injuries -- cut gums causing bleeding and pain -- are insufficient to state an objectively serious medical need within the purview of the Eighth Amendment.  See, e.g., Murphy v. Corr. Ctr. of Nw. Ohio, No. 3:21 CV 682, 2021 WL 3617497, at *1-2 (N.D. Ohio Aug. 16, 2021); Jacques v. Lopez, No. 1:16-cv-01289, 2019 WL 3546472, at *12 (E.D. Ca. Aug. 5, 2019) (Boone, M.J.);

Betts v. Rodriquez, 15-CV-3836, 2017 WL 2124443, at \*3 (S.D.N.Y.
May 15, 2017); Chamberlain v. Suggs, No. 5:14-CT-3173-H, 2015 WL
5607788, at \*5 (E.D.N.C. Sept. 23, 2015); Noel v. Hewett, No.
513-007, 2013 WL 3289028, at \*4 (S.D. Ga. June 28, 2013)
(adopting magistrate judge's PF&R).

Even if Williams could establish that his alleged
injuries were sufficiently serious and that there is a
constitutional right to immediate medical attention for cut and
bleeding gums, the court is unaware of any authority suggesting
that such right is clearly established to defeat qualified
immunity.  See generally Hill v. Crum, 727 F.3d 312, 321-22 (4th
Cir. 2013) (explaining the doctrine of qualified immunity).
Williams' objection is thus without merit.  The court otherwise
seeing no error in the PF&R, the magistrate judge's
recommendations are correct.

Accordingly, based upon the foregoing, it is ORDERED
that:

1. The PF&R be, and hereby is, adopted and incorporated
   herein;

2. The Correctional Defendants' motion to dismiss be, and
   hereby is, granted;

4

3. Bob Barker Co.'s motion to dismiss be, and hereby is, granted in part and denied in part;

4. The claims against the Correctional Defendants in their official and individual capacities be, and hereby are, dismissed;

5. The § 1983 claim against Bob Barker Co. be, and hereby is, dismissed; and

6. This action remain referred to the magistrate judge for additional proceedings concerning Williams' state law claims against Bob Barker Co.

The Clerk is requested to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: July 8, 2022

John T. Copenhaver, Jr.
Senior United States District Judge