```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**STEVEN M. WILLIAMS,**

        Plaintiff,

v.                             Civil Action No. 2:21-cv-00436

**BOB BARKER COMPANY, INC.,**

        Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court are the objections of the defendant, Bob Barker Company, Inc., filed October 19, 2022, ECF No. 51, to the Proposed Findings and Recommendation ("PF&R") of Magistrate Judge Dwane L. Tinsley, entered October 5, 2022. ECF No. 48. The plaintiff, Steven Williams, filed, on October 26, 2022, Plaintiff's Response to Defendant Bob Barker Company, Inc.'s Objections to PF&R. ECF No. 52.

### I.  Background

Mr. Williams is an inmate at the Mt. Olive Correctional Complex ("MOCC") in Mt. Olive, West Virginia, and proceeds in this matter <u>pro</u> <u>se</u>. Mr. Williams avers that he was severely injured while using a toothbrush at MOCC. Am. Compl. 5-6, ECF No. 38. The toothbrush in question was allegedly sold by Bob Barker Company, Inc. ("BBCI") to MOCC who, in turn, supplied the toothbrush to Mr. Williams. <u>Id.</u> at 1-2, 6. BBCI

is alleged to manufacture, package, and distribute various products to prisons, including "short handle security style toothbrushes that are used at [MOCC]." Id. at 2, 4.

Mr. Williams alleges that, on May 26, 2020, he was given a toothbrush embossed with a BBCI stamp. Id. at 3. Mr. Williams claims that the toothbrush "was individually packaged and contained within a cardboard box with several similarly packaged toothbrushes." Id. at 6. While brushing his teeth on August 4, 2021, Mr. Williams "noticed that bristles were falling out of the toothbrush, and then discovered that pieces of metal stuck in his gums, causing the gums to bleed." Id. at 3. According to Mr. Williams, he had never previously used the toothbrush and the bristles became dislodged during his first use of it. Id. at 5. From inside his cell, Mr. Williams requested medical assistance from corrections officers. Officers photographed his gums as well as the sink area, small metal pieces, and the toothbrush. An officer also allegedly "inspected an additional toothbrush and found it to be defective as well, also photographing that defective product." Id. at 5.

Inasmuch as the toothbrush was individually packaged and had never previously been used, the plaintiff avers that, "[i]t is fair to believe that the 'product was defective when it left the manufacturer and the defective product was the

2

proximate cause of [Plaintiff's] injuries.'" See id. at 5 (citation omitted). Mr. Williams asserts "that BBCI is liable under the manufacturer product liability of West Virginia State Law." Id. at 3. According to Mr. Williams, he sustained permanent oral injuries that are the "direct and causal result of using the defective toothbrush that was manufactured, packaged, and distributed by [BBCI]." Id. at 4-5. The plaintiff further alleges that "[n]egligence on the part of BBCI led to injuries sustained by Plaintiff because the defective toothbrush was obviously not subject to quality control of any sort prior to being packaged and distributed." Id. at 6.

The plaintiff seeks declaratory relief "under 28 U.S.C. § 1332(a)(1)", a declaration that his rights under "Constitution and laws of the United States" were violated, and preliminary and permanent injunctive relief against BBCI "to insure [sic] the safety of their product before selling or distributing them." Id. at 6. Mr. Williams also requests damages. Id.

On July 15, 2022, BBCI filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 42, 43. The magistrate judge issued a PF&R recommending denial of BBCI's motion on October 5, 2022. ECF No. 48. The magistrate judge recommended finding

3

that Mr. Williams had sufficiently alleged facts to state claims for strict products liability and negligence.  ECF No. 48, at 7-8.  The magistrate judge further recommended that this court dismiss the plaintiff's claims for declaratory and preliminary injunctive relief.  Id. at 8-9.  The magistrate judge did not recommend dismissing the plaintiff's claim for permanent injunctive relief, inasmuch as the issue of whether the plaintiff is entitled to such relief on his state claims warranted further development.  Id. at 11.

On October 19, 2022, BBCI filed objections to the PF&R.  ECF No. 51.  Mr. Williams did not object to the PF&R, although he did file a two-page response to BBCI's objections.  ECF No. 52.

## II.  Legal Standard

Upon the filing of an objection to a PF&R, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  In reviewing the PF&R, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  Failure to object to a PF&R constitutes waiver of de novo review, in which case the court reviews the PF&R for clear error.  See Fed. R. Civ. P. 73 Advisory Committee notes.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007). The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds by Twombly, 550 U.S. at 563). Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56. A "formulaic recitation of the elements of a cause of

action will not do." Id. at 555. While the court liberally construes the complaint of a pro se plaintiff, the factual allegations therein must satisfy the Rule 8(a)(2) pleading standard. Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016).

### III. Analysis

BBCI objects to the PF&R on three grounds: (1) that the magistrate judge erred in concluding that plaintiff has sufficiently stated claims for strict products liability and negligence; (2) that the magistrate judge too liberally construed the plaintiff's amended complaint concerning the same; (3) and that the court should have recommended dismissal of the plaintiff's request for a permanent injunction.

A. Plaintiff's Claims

Inasmuch as BBCI's first two objections are two sides of the same coin, the considers these objections together. Restated, BBCI contends that the magistrate judge afforded the plaintiff's "basic allegations" and "bare conclusion[s]" an excessively lenient construction, thereby conjuring up a products liability action out of nothing more than allegations about an accident. ECF No. 51 at 2-6.

In West Virginia, a products liability action may be premised upon strict liability, negligence, and warranty theories of liability. Syl. Pt. 1, McNair v. Johnson & Johnson, 818 S.E.2d 852 (W. Va. 2018) (citing Syl. Pt. 6, in part, Ilosky v. Michelin Tire Corp., 307 S.E.2d 603 (W. Va. 1983)). Although these theories are distinct in the sense that each requires a plaintiff to prove different elements to succeed on their claims, see id., the Supreme Court of Appeals of West Virginia has recognized that, whatever the theory a plaintiff proceeds under, a products liability action usually

> "allege[s] that a manufacturer designed and/or produced a product and put the product into the stream of commerce, and that the product was unsafe or flawed in such a way so as to give rise to the liability of the manufacturer for injuries resulting from the use of the product. The alleged unsafefulness or flaw(s) may be as a result of the actual design or construction of the product, or in the adequacy of warnings provided to the user(s) of the product."

Morris v. Crown Equipment Corp., 633 S.E.2d 292, 301 (W. Va. 2006). In other words, a product may be defective due to design, manufacture, or warning defects. See Morningstar v. Black and Decker Mfg. Co., 253 S.E.2d 666, 666 (W. Va. 1979).

Whether proceeding under a design defect or manufacturing defect theory, the plaintiff must demonstrate that "the physical condition of the product . . . renders it unsafe when the product is used in a reasonably intended manner." Id. at 682.

In a strict products liability action, the plaintiff may sue the manufacturer or seller of an allegedly injurious product on the basis "that one engaged in the business of selling a product impliedly represents that goods which it places into the stream of commerce are free of defects, that is, they are reasonably suitable, safe and fit for the purposes for which those goods have been sold." McNair, 818 S.E.2d at 859 (quoting Hill v. Ryerson, 268 S.E.2d 296, 304 (W. Va. 1980)). The "principal basis of liability" is simply proof of a defective condition rather than having to prove "that the manufacturer was negligent in some particular fashion during the manufacturing process." Morningstar, 253 S.E.2d at 677.

A products liability claim sounding in negligence requires different proof than that of a strict liability claim. Grafted onto the products liability context, the familiar elements of duty, breach, causation, and injury may be stated as follows: a manufacturer of a product which enters the stream of commerce owes a duty of reasonable care to design, manufacture, and/or warn regarding its product; the product is defective due

8

to a breach of this duty; the manufacturer's breach of its duty is the proximate cause of plaintiff's injuries. See Philip Combs & Andrew Cooke, Modern Products Liability Law in West Virginia, 113 W. Va. L. Rev. 417, 452 (2011); see also Aikens v. Debow, 541 S.E.2d 576, 580-81 (W. Va. 2000).

Mr. Williams does not expressly set forth his claims as separate counts under headings such as "strict products liability" or "negligence." Nevertheless, this lack of formalism is not fatal to Mr. Williams's complaint, and it is apparent that he intends to bring a products liability action. Mr. Williams alleges that he used a BBCI toothbrush, which had never previously been used, in a manner for which it was intended (i.e., brushing his teeth) and that he was injured while doing so when the toothbrush's bristles became dislodged from the portion of the brush to which they were affixed. Mr. Williams has not determined the precise defect at issue, but he alleges that BBCI's toothbrush, by partially falling apart during its first use, malfunctioned in a manner that "would not ordinarily happen in the absence of a defect," abnormal use, or a secondary cause. Anderson v. Chrysler, 403 S.E.2d 189, 194 (W. Va. 1991). Considering only the well-pleaded factual allegations in the amended complaint, Mr. Williams's allegations of a strict products liability claim are brief, but they

9

"contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. 570).

Mr. Williams also states sufficient allegations to support a claim sounding in negligence. In addition to the foregoing, Mr. Williams alleges that BBCI manufactured the toothbrush and that the defendant "knew, or should have known, through the quality control process that there were defective products being mass produced and distributed." ECF No. 44 at 3. These factual allegations, brief as they may be, go to an alleged breach by BBCI of its duty to take reasonable care in the manufacture of a product. Mr. Williams also alleges that a quick inspection by a corrections officer revealed defects in other BBCI-brand toothbrushes. Read together, these allegations are pertinent to Mr. Williams's theory that BBCI, as manufacturer of the toothbrush, owed a duty to exercise reasonable care in the manufacture of its product; that it failed to do so through inadequate quality control; and that BBCI's breach of its duty caused the plaintiff's injuries. Accordingly, the court concludes that the plaintiff has stated a claim under a negligence theory of products liability.

B. Plaintiff's Demand for Relief

Mr. Williams seeks a declaratory judgment, a preliminary injunction, and a permanent injunction. The magistrate judge recommended granting BBCI's motion to dismiss the claim for declaratory relief as duplicative and his quest for preliminary injunctive relief, for which no motion was filed. The plaintiff has not opposed BBCI's motion, does not now object to the PF&R, and the court finds no clear error in the magistrate judge's recommendation.

BBCI objects, however, to the magistrate judge's recommendation that the plaintiff's request for a permanent injunction not be dismissed. The court reviews _de novo_ the portion of the PF&R concerning permanent injunctive relief. Fed. R. Civ. P. 72(b)(3).

Mr. Williams's action is one at law. If the plaintiff ultimately is entitled to any relief, it will be to legal remedies. Mr. Williams does not allege to have suffered any irreparable injury for which damages will be inadequate. Nor does he allege that, considering the balance of hardships between the parties, equitable relief is warranted, or that the public interest would be served by such relief. See _eBay Inc. v. MercExchange, L.L.C._, 547 U.S. 388, 391 (2006) (setting forth the factors a plaintiff must satisfy before a court may grant

equitable relief). Furthermore, Mr. Williams has not opposed BBCI's motion to dismiss his request for permanent injunctive relief or BBCI's objections to the PF&R on this point. Accordingly, Mr. Williams's request for a permanent injunction shall be stricken from the complaint.

### IV. Conclusion

Having reviewed de novo those portions of the PF&R to which objections were filed, and having reviewed the remainder of the PF&R and finding no clear error excepting the proposed retention of the request for permanent injunctive relief, the court orders as follows:

1. That the defendant's first and second objections to the PF&R be, and they hereby are, overruled.

2. That the plaintiff's request for declaratory and injunctive relief be, and hereby is, stricken from the complaint.

3. That the magistrate judge's PF&R is adopted and incorporated herein except as to permanent injunctive relief which is stricken as above set forth.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: January 4, 2023

John T. Copenhaver, Jr.
Senior United States District Judge